**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARVIN ENRIQUE BETANCOURT-GUZMAN, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos.  14-70190 <br>        19-70166 <br><br> Agency No. A095-755-831 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019**

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Darvin Enrique Betancourt-Guzman, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT") (No. 14-70190), and of the BIA's order denying his motion to reconsider (No. 19-70166). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the BIA's denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). In petition No. 14-70190, we dismiss in part and deny in part the petition for review. In petition No. 19-70166, we deny the petition for review.

As to petition No. 14-70190, we lack jurisdiction to consider Betancourt-Guzman's contention that his 2008 criminal conviction excuses the untimeliness of his asylum application because, as noted by the BIA, he failed to raise it to the IJ. *See Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal)*; see also Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.") (citation and internal quotation marks omitted).

The record does not compel the conclusion that Betancourt-Guzman established changed circumstances to excuse his untimely asylum application. *See*

8 C.F.R. § 1208.4(a)(4). Thus, Betancourt-Guzman's asylum claim fails.

Substantial evidence supports the agency's determination that Betancourt-Guzman failed to establish a nexus between the harm he fears in Guatemala and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Betancourt-Guzman's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Betancourt-Guzman failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief).

We reject Betancourt-Guzman's contention that the agency failed to set forth sufficient facts or analysis.

Betancourt-Guzman's motion to terminate proceedings or remand (Docket Entry No. 24 in No. 14-70190) is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and

date information to vest jurisdiction in the immigration court).

As to petition No. 19-70166, the BIA did not abuse its discretion in denying Betancourt-Guzman's motion to reconsider where he failed to identify any error of fact or law in the BIA's prior order. *See Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) (discussing the standard for a motion to reconsider); *see also Karingithi*, 913 F.3d at 1160-62; 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider must specify errors of fact or law in a prior decision).

Thus, the government's motion for summary disposition (Docket Entry No. 8 in 19-70166) is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

Betancourt-Guzman's motion to proceed in forma pauperis (Docket Entry No. 2 in 19-70166) is granted. The Clerk shall amend the docket to reflect this status.

Betancourt-Guzman's request for a stay of removal as set forth in his petition for review (Docket Entry No. 1 in 19-70166) is denied as moot. The temporary stay of removal shall terminate upon the issuance of the mandate.

**No. 14-70190: PETITION FOR REVIEW DISMISSED in part;**

4                                                                    14-70190

**DENIED in part.**

**No. 19-70166: PETITION FOR REVIEW DENIED.**